Robert Sibilia, Esq.
Oceanside Law Center APC
28202 Cabot Road, Ste. 300
Laguna Niguel, CA 92677
T: (760) 666-1151
F: (818) 698-0300
Attorney For Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

---------------------------------------------------------------------x

George Mardikian,

Plaintiff,

**Index No.:** 3:26-cv-2765

**CLASS ACTION COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

-against-

**DEMAND FOR JURY TRIAL**

Leach Kern Gruchow Song, LTD

Defendant(s).

---------------------------------------------------------------------x

Plaintiff George Mardikian brings this Class Action Complaint by and through his attorneys, against Defendant Leach Kern Gruchow Song, LTD ("LKGS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon

information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of California consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of California, County of San Mateo.

8. Defendant LKGS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and may be served at 2525 Box Canyon Drive, Las Vegas, NV 89128.

9. Upon information and belief, Defendant LKGS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

a. all individuals with addresses in the State of California;

b. to whom Defendant sent collection letters;

c. attempting to collect a consumer debt;

d. where the Defendant attempted to collect fees not authorized by contract or law;

e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class is the Defendant and all officer, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual

class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ l692e, 1692f, and 1692g.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believe, and on that basis allege, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the

Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum

efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above paragraphs as if set forth here.

20. Some time prior to April 14, 2025, an obligation was allegedly initially incurred by Plaintiff to Meadows Condominiums Unit Owners Association ("Meadows").

21. Plaintiff disputes that all or part of this debt is a valid debt.

22. The obligation arose out of a transaction in which money, property, insurance or services of the subject transactions were incurred for personal purposes, specifically personal condominium fees.

23. The alleged Meadows obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Meadows is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. Upon information and belief, Meadows contracted with Defendant to collect the alleged debt.

26. Upon information and belief, Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a “debt collector” as defined by 15 U.S.C. § 1692a(6).

27. The Plaintiff is a “consumer” as defined by 15 U.S.C. § 1692a(3).

28. The subject obligation is consumer-related, and therefore a “debt” as defined by 15 U.S.C. § 1692a(5).

*Violation*

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

30. On or around June 9, 2025 Defendant sent Plaintiff a collection letter regarding an alleged debt owed to Meadows Condominiums. See “Letter” attached hereto as **Exhibit A.**

31. Defendant states, in relevant part:

| | |
|---|---|
| As of May 14, 2025 you owe: | $1,975.00 |
| Between May 14, 2025 and June 9, 2025: | |
| You were charged this in additional assessments: | $370.00 |
| You were charged this additional late fees/ interest + | $15.00 |
| You were charged this in collection fees/costs: + | $272.98 |
| **Total amount of debt now:** | **$2,632.98** |

32. At all relevant times, Plaintiff was the owner of a residential property located in Las Vegas, Nevada (the "Property"), which he used as a secondary residence.

33. For the entirety of his ownership, Plaintiff's homeowners association ("HOA") maintained his California address as the designated mailing address for all HOA notices and communications.

34. Despite having Plaintiff's correct California mailing address on record for over ten years, the HOA failed to mail its routine assessment statements or delinquency notices to Plaintiff's designated address.

35. As a result, Plaintiff was not made aware of any alleged delinquency until June 9, 2025, when Defendant Leach Kern Gruchow Song ("Defendant" or "LKGS"), acting as a debt collector on behalf of the HOA, mailed Plaintiff a collection letter (the "June 9 Letter") demanding payment in the amount of $2,632.98.

36. The June 9 Letter identified "collection fees" of $272.98, but did not indicate that additional fees could or would accrue merely because the consumer exercised his statutory right to request debt validation under the FDCPA.

37. Upon receiving the June 9 Letter, Plaintiff promptly disputed the debt and requested validation, consistent with his rights under 15 U.S.C. §1692g(b). Plaintiff's written dispute and validation request were transmitted to Defendant by email shortly after receipt of the June 9 Letter.

38. In response, Defendant issued a second correspondence dated July 15, 2025 (the "Validation Letter"), which purported to validate the debt and included a revised demand now totaling $3,445.84 — an increase of $812.86 over the original amount demanded in the June 9 Letter.

39. The July 15 Validation Letter included a "breakdown" (page 4 of Exhibit HOA1) showing that Defendant had added attorney's fees of approximately $580 and other related charges solely in connection with the time spent responding to Plaintiff's validation request.

40. Defendant's conduct thus effectively penalized Plaintiff for invoking his statutory right to request debt verification, a practice that is coercive, deceptive, and in direct contravention of the FDCPA's purpose and protections.

41. Plaintiff also observed that Defendant's validation packet included a letter dated April 14, 2025, purportedly sent by the HOA to notify Plaintiff of

the alleged delinquency. Plaintiff never received that letter, and the HOA's own records confirm that it was mailed only to the Las Vegas address — not to Plaintiff's designated California address on file for all prior and subsequent HOA correspondence.

42. Plaintiff reasonably believes that Defendant and/or the HOA intentionally mailed the April 14 letter to the Las Vegas property address to create a false appearance of prior notice and to justify the referral of the alleged debt to collections.

43. Plaintiff's first actual notice of any claimed delinquency was the June 9, 2025 collection letter sent by Defendant, which demanded $2,632.98.

44. The inflated balance in the July 15, 2025 Validation Letter was therefore an artificially manufactured increase designed to coerce payment and discourage further dispute.

45. Defendant's actions created confusion and uncertainty as to the amount and validity of the alleged debt, undermining Plaintiff's ability to make an informed decision regarding payment, dispute, or resolution.

46. Defendant's representations and fee additions were false, deceptive, and unfair, and constituted a misrepresentation of the character, amount, and legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A) and §1692f.

47. By imposing new charges and legal fees merely for providing a validation response required by law, Defendant used an unfair and unconscionable means to attempt to collect a debt, in violation of §1692f(1) and (2).

48. Defendant's conduct would also cause a reasonable consumer to believe that exercising the right to dispute or validate a debt would result in financial penalty, thereby chilling the exercise of statutory rights under the FDCPA.

49. Plaintiff was left frustrated, anxious, and uncertain about how to proceed. He was forced to spend significant time and effort reviewing the contradictory letters, gathering supporting documentation, and seeking legal counsel to determine his rights and obligations.

50. Plaintiff has suffered emotional distress, stress, aggravation, and the expenditure of time and resources as a direct result of Defendant's unlawful collection conduct.

51. Defendant's acts and omissions were intentional, willful, and designed to pressure Plaintiff into paying inflated amounts under threat of continued fees or collection escalation.

52. As a result of Defendant's conduct, Plaintiff has been damaged in an amount to be determined at trial.

**<u>COUNT 1</u>**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692e et seq.**

56. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

57. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

58. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59. Defendant violated §1692e:

a. As the letter falsely represents the true character and/or legal status of the debt in violation of §1692e(2)(A); and

b. By making a false and misleading representation/omissions in violation of §1692e(10).

60. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692f et seq.**

61. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

62. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

63. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

64. Defendant violated §1692f:

a. By omitting a material term from the dunning letter to disadvantage the Plaintiff from making an educated decision regarding the subject debt;

65. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692g et seq.**

66. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

67. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

68. Pursuant to 15 USC §1692g(a):

> a. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> b. The amount of the debt;
>
> c. The name of the creditor to whom the debt is owed;
>
> d. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
>
> e. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

f. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

69. Defendant violated Section 1692g(a):

a. by sending the first letter to an improper address;

b. by seeking fees for "validating the debt" when required to do so by law.

70. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

71. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff George Mardikian individually and on behalf of all others similarly situated, demands judgment from the Defendant as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned, as Class Counsel;

ii. Awarding the Plaintiff and the Class statutory damages;

iii. Awarding the Plaintiff and the Class actual damages;

iv. Awarding the Plaintiff the costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 30, 2026 Respectfully submitted,

By: /s/ Robert Sibilia

Robert Sibilia, Esq
Oceanside Law Center APC
28202 Cabot Road, Ste. 300
Laguna Niguel, CA 92677
T: (760) 666-1151
F: (818) 698-0300